**JS-6**

```
cc: order, docket, remand letter
to Riverside Superior Court, No. RIC 1204006
```

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA MARES, | Case No. 5:12-cv-1443-ODW(DTBx) |
| Plaintiff, | **REMAND ORDER** |
| v. | |
| WELLS FARGO & CO., et al., | |
| Defendants. | |

After considering the Complaint and Defendants' Notice of Removal, the Court concludes that it lacks subject matter jurisdiction over this case. Accordingly, the case is hereby **REMANDED** to Riverside County Superior Court.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

1    The party seeking removal bears the burden of establishing federal jurisdiction.
2  *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1252 (9th Cir. 2006).   Here,
3  Defendants claim that this Court has subject matter jurisdiction over this case because
4  of diversity of citizenship under 28 U.S.C. § 1332.

5    Diversity jurisdiction exists "where the matter in controversy exceeds the sum
6  or value of $75,000.00, exclusive of interest and costs," and is between parties with
7  diverse citizenship.   28 U.S.C. § 1332(a).   In this case, Plaintiff Maria Mares is a
8  citizen of California.  (Compl. ¶ 7.)  But Plaintiff also alleges that Defendants Wells
9  Fargo & Co., World Savings Bank, and Golden West Association Service Corp. are
10  citizens of California.  (Compl. ¶ 8, 12, 14.)  Defendants argue otherwise.

11    Wells Fargo Bank, N.A. (erroneously sued as Wells Fargo & Co.) contends its
12  citizenship is limited to South Dakota.  The Court finds that *Schmidt* does not preclude
13  the approach of considering a national banking association to be a citizen of both the
14  state in which it has designated its main office and the state where it has its principal
15  place of business.   *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006).
16  Further, Ninth Circuit precedent still dictates that national banks are citizens of the
17  "states in which their principal places of business are maintained."  *Am. Sur. Co. V.*
18  *Bank of California*, 133 F.2d 160, 162 (9th Cir. 1943); *see Uriarte v. Wells Fargo*
19  *Bank, N.A.*, 2011 U.S. Dist. LEXIS 127497 (S.D. Cal. 2011).   The Fifth and Seventh
20  Circuits take the same approach.   *See Horton v. Bank One, N.A.*, 387 F.3d 426, 436
21  (5th Cir. 2004); *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001).

22    The Court acknowledges, but finds unpersuasive, other courts' interpretation of
23  *Schmidt* to mean that a national banking association is a citizen *only* of the state of its
24  main office.  *See*, *e.g.*, *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702,
25  710 (8th Cir. 2011).   This Court takes judicial notice that Wells Fargo's principal
26  place of business is in San Francisco, California.
27  / / /
28  / / /

1    Further, Defendants admit that World Savings and Golden West are both

2    California corporations; but argue that these parties are merely nominal parties or are

3    fraudulently joined.  The Court finds this argument unpersuasive at this time.

4    Finally, the presence or absence of federal-question jurisdiction is governed by

5    the "well-pleaded complaint rule," which provides that federal jurisdiction exists only

6    when a federal question is presented on the face of the plaintiff's properly pleaded

7    complaint.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  But Defendants

8    do not contend that there is federal-question jurisdiction, and the Court finds none in

9    Plaintiff's Complaint.

10    If anything, the doubt raised here regarding Wells Fargo's citizenship counsels

11    in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (the

12    removal statute is strictly construed and "jurisdiction must be rejected if there is any

13    doubt as to the right of removal in the first instance.").  Therefore, because of lack of

14    complete diversity, this Court does not have subject matter jurisdiction.

15    Accordingly, the Court **REMANDS** this action to the Riverside County

16    Superior Court for lack of subject matter jurisdiction.  The Clerk of Court shall close

17    this case.

18    **IT IS SO ORDERED.**

19

20    August 31, 2012

21

22    _____

23    **OTIS D. WRIGHT, II**
      **UNITED STATES DISTRICT JUDGE**

24

25

26

27

28