**JS-6**

```
cc: order, docket, remand letter
to Riverside Superior Court, No. RIC 1204006
```

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA MARES,<br><br>   Plaintiff,<br> v.<br>WELLS FARGO & CO., et al.,<br><br>   Defendants. | Case No. 5:12-cv-1443-ODW(DTBx)<br><br>**REMAND ORDER** |

After considering the Complaint and Defendants' Notice of Removal, the Court concludes that it lacks subject matter jurisdiction over this case. Accordingly, the case is hereby **REMANDED** to Riverside County Superior Court.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

1   The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1252 (9th Cir. 2006). Here, Defendants claim that this Court has subject matter jurisdiction over this case because of diversity of citizenship under 28 U.S.C. § 1332.

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a). In this case, Plaintiff Maria Mares is a citizen of California. (Compl. ¶ 7.) But Plaintiff also alleges that Defendants Wells Fargo & Co., World Savings Bank, and Golden West Association Service Corp. are citizens of California. (Compl. ¶ 8, 12, 14.) Defendants argue otherwise.

Wells Fargo Bank, N.A. (erroneously sued as Wells Fargo & Co.) contends its citizenship is limited to South Dakota. The Court finds that *Schmidt* does not preclude the approach of considering a national banking association to be a citizen of both the state in which it has designated its main office and the state where it has its principal place of business. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006). Further, Ninth Circuit precedent still dictates that national banks are citizens of the "states in which their principal places of business are maintained." *Am. Sur. Co. V. Bank of California*, 133 F.2d 160, 162 (9th Cir. 1943); *see Uriarte v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 127497 (S.D. Cal. 2011). The Fifth and Seventh Circuits take the same approach. *See Horton v. Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004); *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001).

The Court acknowledges, but finds unpersuasive, other courts' interpretation of *Schmidt* to mean that a national banking association is a citizen *only* of the state of its main office. *See*, *e.g.*, *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 710 (8th Cir. 2011). This Court takes judicial notice that Wells Fargo's principal place of business is in San Francisco, California.

/ / /

/ / /

Further, Defendants admit that World Savings and Golden West are both California corporations; but argue that these parties are merely nominal parties or are fraudulently joined. The Court finds this argument unpersuasive at this time.

Finally, the presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). But Defendants do not contend that there is federal-question jurisdiction, and the Court finds none in Plaintiff's Complaint.

If anything, the doubt raised here regarding Wells Fargo's citizenship counsels in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (the removal statute is strictly construed and "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Therefore, because of lack of complete diversity, this Court does not have subject matter jurisdiction.

Accordingly, the Court **REMANDS** this action to the Riverside County Superior Court for lack of subject matter jurisdiction. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

August 31, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**